(Hamilton County Court of Common Pleas.)

BECKER *v.* CINCINNATI STREET RAILWAY COMPANY.

---

1. *Claim of parent for injuries to his child from being struck by an electric car.*—A parent allowed his three-year-old child to play in the yard of his dwelling in company with an elder child, from which yard a gate opened into the street, in which an electric railway was operated, and which gate was open, or could be opened by the elder child; the children went out in the street, and the youngest was injured by an electric car. *Held*, the act of the parent was only the remote cause of the injury.
2. Proof that the defendant, in running its car, is violating the ordinance as to speed, is, in its nature, evidence tending to show defendant's liability, when the injury results from not observing the ordinance.

(Decided December, 1894.)

---

On motion of Nickolas Becker and Abbie Becker for new trial.

SAYLER, J.

On the motion of the defendant, the court directed a verdict for the defendant. on the evidence of the plaintiff.

Was there error in this action of the court?

The claim of Nicholas Becker and Abbie Becker is for expenses made necessary by the injury to Lucille Becker, and borne by them.

The evidence of the plaintiff tended to show that Nicholas Becker and Abbie Becker, his wife, with their children, including Nicholas, a boy aged five years, and Lucille, a girl, aged three years, lived in a house having a side and front yard on McMillan street.

The yard was inclosed in front by a fence. There was a gate in this front fence leading to the street. A latch was on the gate, and there was also a bolt fastened by a string, to run through holes in the gate and post. The children were in the habit of playing in the yard.

There are two tracks of the defendants laid on McMillan street, on which the cars run west and north to Clifton, and return to the city.

At about ten o'clock of the morning of the injury, the little girl, Lucille, asked her mother for permission to go into the yard to play, and permission was given to play in the yard with her brother, Nicholas. The mother usually watched them, and on this occasion she looked for them, and missing them, went out and saw them in the street, the little girl running to cross the street, after her brother, when the car struck her.

The little boy could open the gate, and either the gate was open, or he opened it, when they went out.

Knowing the facts in regard to the gate, and the possibility of. the children going out, and in regard to the cars running on the street, was Mrs. Becker negligent in allowing the children to go in the yard as she did; and if so, then was there a proximate connection between such act and the injury? (46 Ohio St. 289).

When she allowed the child to go in the yard to play, could she have reasonably anticipated the injury which happened? Was the injury a natural consequence, which any reasonable person could have anticipated? If these questions can be answered yes, then there is a proximate connection between the act of Mrs. Becker and the injury, otherwise not. (59 Ill. 360.)

In 3 Ohio St. 196, the court say that "the act of the plaintiff allowing his hogs to be at large in the neighborhood of the railroad, where they were exposed to the danger of getting upon the railway track and being injured, was only a *remote* cause of the injury; and in the voluntary exposure of his property to danger in the exercise of his lawful rights, he took upon himself the risk of injury to his property by mere accident, but not the risk of injury by defendant's *negligence.*"

And in that case the court lays down the rule that: "Second, when the negligence of the defendant in a suit upon such ground of action is the *proximate* cause of the injury, but that of the plaintiff only *remote*, consisting of some act or omission, not occurring at the time of the injury, the action for reparation is maintainable." See, also, 6 Ohio St. 109; 22 Ohio St. 20.

Applying the law as stated in these decisions, I hardly think the court can hold, as a matter of law, that there was a proximate connection between the act of Mrs. Becker in allowing the child to play in the yard, as she did, and the injury; and I am of the opinion, therefore, the question should have been left to the jury as to whether her act was a proximate or remote cause. (41 Ohio St. 126).

The neglect of the custodian of the child in the case of *Ry. Co.* v. *Snyder,* 24 Ohio St. 670, had a *proximate* connection with the injury. She failed to look, etc. Her negligence co-operated to produce the injury occurring at the time of the injury (3 Ohio St. 195, 196), and therefore the plaintiff could not recover. It seems to me the case at bar is distinguished.

Did the evidence of the plaintiff make a *prima facie* case of negligence on the part of the defendant which should send the case to the jury?

I think the plaintiff's evidence tended to prove that the car of the defendant was running at a rapid speed, at a rate exceeding that allowed by the ordinance, and that by reason of such speed the motorman was unable to stop the car in time to save the child.

In 43 Maryland, 550, the court held that it was competent for the jury to determine the rate of speed from testimony not so strong as in the case at bar. If the speed was excessive—greater than allowed by law—and if the injury was the result of speed, I think the case would have to go to the jury. (38 Ohio St. 632, 637, 638; 1 Sherman & Redfield on Neg., 4th ed., sec. 13, and in later edition, sec. 13a).

The court, in *Baker* v. *Pendergast,* 32 Ohio St. 494, holds that an ordinance prohibiting fast driving is competent to be considered by the jury in determining whether the plaintiff was guilty of contributory negligence, and in that case it was offered *only* for that purpose.

The court, in *Meek* v. *Penn. Co.,* 38 Ohio St. 632, goes further. It holds the ordinance competent as rebutting contributory negligence, and cites *Baker* v. *Pendergast, supra,* and then proceeds: "Again, proof that defendant was violating this ordinance, was, in its nature, evidence tending to *show defendant's liability where the injury resulted from not observing it.*" It is

true that action was under the statute for causing death ; but I do not see that that would affect the principle,

Under the law as laid down in *Baker* v. *Pendergast, supra*, and in *Jetter* v. *N. Y. & H. R. Co* , 2 Keys (N. Y.), 154, cited and quoted in it, I hardly think the ordinance limiting the rate of speed of the car would be of avail to rebut contributory negligence on the part of the plaintiff who *saw* and *knew* the rate of speed of the car, as such person would be bound to take notice of the speed actually being made. A person who does not see the car, may depend on the car being run within the limited rate of speed, and act accordingly, and such person may sue under *R. R. Co.* v. *Stebbing*, 62 Md. 504, 516, 517.

But it seems to me the court has so extended the rule in *Meek* v. *Penn. Co., supra*, that the rule laid down in *R. R. Co.* v. *Stebbing* is not applicable, as the ordinance is also competent to show negligence when its violation has caused the injury.

Of course, in passing on this motion, I can only consider the evidence of the plaintiff.

Applying the scintilla rule, I think the court erred in taking the case from the jury, and that a new trial should be granted.

*D. Heinsheimer, Jr.*, and *Lowry Jackson*, for plaintiff.

*John W. Warrington, contra.*